IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

MARGARET FLOWERS                                                                    PLAINTIFF

vs.                                         Civil No. 2:09-cv-02052

MICHAEL J. ASTRUE                                                                   DEFENDANT
Commissioner, Social Security Administration

**MEMORANDUM OPINION**

      Margaret Flowers ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her applications for Disability Insurance Benefits ("DIB"), Supplemental Security Income ("SSI"), and a period of disability under Titles II and XVI of the Act.  The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. (Doc. No. 4).[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1. Background:**

      Plaintiff protectively filed applications for SSI and DIB on July 24, 2006.  (Tr. 50, 88-95, 117). Plaintiff alleged she was disabled due to depression, panic attacks, headaches, bad knees, high blood pressure, "nerves," shortness of breath, "battered wife syndrome," leg pain, back problems, neck problems, "iron deficiencies," night blindness, carpal tunnel syndrome in both wrists, and

---

[1] The docket numbers for this case are referenced by the designation "Doc. No."  The transcript pages for this case are referenced by the designation "Tr."

auditory hallucinations. (Tr. 121). Plaintiff alleged an onset date of May 1, 2006. (Tr. 50, 88-95). These applications were initially denied on November 13, 2006 and were denied again on reconsideration on February 9, 2007. (Tr. 43-46). On April 5, 2007, Plaintiff requested an administrative hearing on her applications. (Tr. 71-72). This hearing was held on April 15, 2008 in Clarksville, Arkansas. (Tr. 21-42). Plaintiff was present and was represented by counsel, Iva Nell Gibbons, at this hearing. *See id.* Only Plaintiff testified at this hearing. *See id.* On the date of this hearing, Plaintiff was forty-five (45) years old, which is defined as a "younger person" under 20 C.F.R. § 404.1563(c) (2008), and had obtained her G.E.D. and an associate's degree in science. (Tr. 23-24).

On October 1, 2008, the ALJ entered an unfavorable decision denying Plaintiff's applications for SSI and DIB. (Tr. 50-58). In this decision, the ALJ determined Plaintiff met the insured status requirements of the Act through December 31, 2009. (Tr. 52, Finding 1). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since May 1, 2006, her alleged onset date. (Tr. 52, Finding 2). The ALJ determined Plaintiff had the following severe impairments: mood disorder and disorder of the back. (Tr. 52, Finding 3). The ALJ also determined, however, that Plaintiff did not have an impairment or a combination of impairments that met or medically equaled one of the listed impairments in the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 53-54, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her RFC. (Tr. 54-56, Finding 5). First, the ALJ evaluated Plaintiff's subjective complaints and found her claimed limitations were not entirely credible. *See id.* Second, the ALJ determined, based upon his review of Plaintiff's subjective complaints, the hearing testimony, and the evidence in the record,

that Plaintiff retained the RFC to perform the following:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except she can only occasionally climb ladders and scaffolds and crawl. Secondary to her mental disorder, she has moderate limitations on her ability to make judgments on simple work-related decisions; understanding, remembering, and carrying out complex instructions; responding appropriately to usual work situations and routine work changes; and interacting appropriately with supervisors. Moderately limited means more than a slight limitation, but the person can still perform in a satisfactory manner.

(Tr. 54, Finding 5).

The ALJ then evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 56, Finding 6). Based upon her RFC, the ALJ found Plaintiff would be unable to perform any of her PRW. *See id.* Next, the ALJ determined whether Plaintiff, with her limitations, would be able to perform other work existing in the national economy. (Tr. 57, Finding 10). In order to make this determination, the ALJ submitted written interrogatories to Vocational Expert ("VE") Jim Spragins. (Tr. 179-190). In response to these written interrogatories, the VE found a hypothetical person with Plaintiff's limitations would be able to perform the following occupations: (1) small production machine operator (unskilled, sedentary) with 500,000 such jobs in the national economy and 4,000 such jobs in the State of Arkansas; (2) small product assembler (unskilled, sedentary) with 140,000 such jobs in the national economy and 3,500 such jobs in the State of Arkansas; and (3) food order clerk (unskilled, sedentary) with 250,000 such jobs in the national economy and 2,000 such jobs in the State of Arkansas. (Tr. 57). Based upon the VE's findings, the ALJ determined Plaintiff had not been under a disability, as defined in the Act, from May 1, 2006 through the date of his decision or through October 1, 2008. (Tr. 58, Finding 11).

Thereafter, Plaintiff requested that the Appeals Council review the ALJ's unfavorable

decision. (Tr. 8-9). *See* 20 C.F.R. § 404.968. On March 6, 2009, the Appeals Council declined to review this unfavorable decision. (Tr. 1-5). On May 5, 2009, Plaintiff filed the present appeal. (Doc. No. 1). The parties consented to the jurisdiction of this Court on May 29, 2009. (Doc. No. 4). Both parties have filed appeal briefs. (Doc. Nos. 6, 9). This case is now ready for decision.

**2. Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological,

or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c).  A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months.  *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation.  He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform.  *See Cox,* 160 F.3d at 1206;  20 C.F.R. §§ 404.1520(a)-(f).  The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached.  *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3. Discussion:**

In her appeal brief, Plaintiff claims the ALJ's disability determination is not supported by substantial evidence in the record.  (Doc. No. 6, Pages 1-19).  Specifically, Plaintiff claims the ALJ erred (1) by failing to properly develop the record; (2) by failing to apply the proper legal standards (including the *Polaski* standard); (3) by failing to consider all the evidence in the record; and (4) by failing to properly satisfy his burden under Step Five of the sequential evaluation.  *See id.*  In

5

response, Defendant claims that substantial evidence supports the ALJ's determination that Plaintiff retained the RFC to perform a restricted range of sedentary work, that the ALJ properly analyzed Plaintiff's subjective complaints and discounted them for legally-sufficient reasons, and that the ALJ fully and fairly developed the record. (Doc. No. 9, Pages 1-12). Because this Court finds the ALJ failed to properly apply *Polaski* and failed to properly consider all the evidence in the record, this Court will only address the second and third points for appeal.

    A.    *Polaski* Analysis

In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[2] *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions. *See Polaski,* 739 at 1322. The factors must be analyzed and considered in light of the claimant's subjective complaints of pain. *See id.* The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000). As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference. *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th

---

[2] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)." However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors. *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). Thus, this Court will not require the analysis of these additional factors in this case.

Cir. 2006). The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors. *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998). The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present action, the ALJ did not perform a proper *Polaski* analysis. Instead of evaluating the *Polaski* factors and noting inconsistencies between Plaintiff's subjective complaints and the evidence in the record, the ALJ focused entirely upon whether her medical records supported her claims. (Tr. 54-56). The ALJ's reliance on Plaintiff's medical records alone is expressly prohibited by *Polaski* and will not be permitted in this case. *See Polaski,* 739 F.2d at 1322. Further, instead of fully analyzing the *Polaski* factors, the ALJ included the following paragraph in his opinion reciting that he had complied with those requirements:

> In making this finding, the undersigned has considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence, based on the requirements of 20 CFR 404.1529 and 416.929 and SSRs 96-4p and 96-7p. The undersigned has also considered opinion evidence in accordance with the requirements of 20 CFR 404.1527 and 416.927 and SSRs 96-2p, 96-5p, 96-6p and 06-3p.

(Tr. 54). Clearly, such a paragraph *reciting* that he has correctly evaluated Plaintiff's subjective complaints does not relieve him of the responsibility of actually evaluating those complaints.

### B. Evaluation of Plaintiff's Mood Disorder

Further, in this case, the ALJ's reliance upon Plaintiff's medical records alone and his failure to follow the requirements of *Polaski* is particularly troubling considering the fact that Plaintiff suffers from a mood disorder. Such a mood disorder is largely subjective in nature, and the little objective medical evidence regarding this disorder *supports* Plaintiff's claims of disability due to this mood disorder. For instance, in his opinion, the ALJ found Plaintiff's mood disorder could be controlled with medication. (Tr. 56). However, Dr. Don Ott, Psy.D. is the only specialist who examined Plaintiff for her mood disorder, and he found more than medication was necessary. (Tr. 197-205). After examining her, Dr. Ott diagnosed her with posttraumatic stress disorder and also found that she would not experience any "significant improvement" until she undergoes "*extensive cognitive-behavioral therapy* to deal with childhood sexual abuse and recent abuse by her husband." (Tr. 201) (emphasis added).

Also, the ALJ only found Plaintiff's medication controlled her problems with "hearing voices" or with auditory hallucinations. (Tr. 56). The ALJ did not find her medication could control all her symptoms of mood disorder. (Tr. 56). Plaintiff, however, exhibited far more problems than auditory hallucinations. (Tr. 197-205). For example, Dr. Ott found Plaintiff not only reported auditory hallucinations but also exhibited symptoms of anxiety and depression. Dr. Ott reported Plaintiff "was fairly anxious" during the interview (Tr. 199); "seemed paranoid and in an agitated, excited state emotionally" (Tr. 199); had been "depressed and fearful" since moving to Arkansas (Tr. 200); and "seemed distracted and hypervigilant" (Tr. 204). While it is unclear whether these symptoms cause Plaintiff any *work limitations*, it does appear they may cause such limitations. If needed, the ALJ should recontact Dr. Ott for further evaluation in order to determine whether these symptoms cause any work limitations. *See* 20 C.F.R. § 404.1512(e) (requiring the ALJ to recontact

8

medical sources whose findings were unclear).

**4. Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and should be reversed and remanded. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 26th day of April, 2010.**

                                                /s/   Barry A. Bryant  
                                                HON. BARRY A. BRYANT  
                                                U.S. MAGISTRATE JUDGE